McGREGOR W. SCOTT
United States Attorney
STEPHANIE HAMILTON BORCHERS
Assistant United States Attorney
United States Courthouse
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | 1:06-CV-00870-OWW-NEW (WMW) |
| Plaintiff, ) | |
| v. ) | **STIPULATION FOR EXPEDITED SETTLEMENT AND ORDER THEREON** |
| 2004 YUKON DENALI, LICENSE NUMBER 5RYR294, VIN: 1GKEK63U44J262979; ) | |
| APPROXIMATELY $27,820.00 IN U.S. CURRENCY; and ) | |
| APPROXIMATELY $37,100.00 IN U.S. CURRENCY, ) | |
| Defendants. ) | |

This stipulated settlement is entered into between plaintiff United States of America and claimant Bonilla Auto Sales, (hereafter "Bonilla") by and through its undersigned counsel, according to the following terms:

1. This is a civil forfeiture action against the above-referenced defendant vehicle arrested on July 20, 2006, on land in the Eastern District of California.

2. The parties to this Agreement hereby stipulate that any violation of 21 U.S.C. § 841 *et seq.* involving the defendant vehicle occurred without the knowledge and consent of claimant Bonilla.

3. Plaintiff agrees that upon entry of a Final Judgment of Forfeiture forfeiting to the United States all right, title, and interest in the defendant vehicle, and upon the sale of the defendant vehicle, it shall pay claimant Bonilla from the proceeds of the sale, after payment of outstanding expenses of custody and sale incurred by the United States Marshals Service, the following:

    a. All unpaid principal due to Bonilla in the amount of $12,105.00, pursuant to the Sales and Purchase Agreement dated January 3, 2006.

4. Payment to Bonilla is conditioned upon the United States' prevailing against any competing claims, including any claims by the property owner.

5. The payment to Bonilla shall be in full settlement and satisfaction of any and all claims by Bonilla to the defendant vehicle arrested by the United States on or about July 20, 2006, and all claims resulting from the incidents or circumstances giving rise to this forfeiture action.

6. Upon payment, Bonilla agrees to assign and convey its security interest to the United States and to release and hold harmless the United States, and any agents, servants, and employees of the United States (and any involved state or local law enforcement agencies and their agents, servants, or employees), in their individual or official capacities, from any and all claims by Bonilla and its agents that currently exist or that may arise as a result of the Government's actions against and relating to the defendant vehicle.

7. Upon payment of the principal amount owed, claimant Bonilla has agreed to waive the interest due, computed at the annual percentage rate of 21%, and all associated late and non-payment charges.

8. As a part of this settlement, claimant Bonilla agrees not to pursue against the United States any other rights it may have under the contract, including but not limited to, the right to initiate a judicial or non-judicial foreclosure action.

9. Claimant Bonilla agrees to waive all attorneys' fees under the 28 U.S.C. § 2465.

10. Claimant Bonilla agrees to notify the U.S. Attorney promptly if it learns of any condition that might make an interlocutory sale appropriate. Bonilla further agrees to join in any motion by the U.S. Attorney for interlocutory sale of the property.

///

1          11.     Claimant Bonilla understands and agrees that by entering into this Expedited
2 Settlement of its interests in the defendant vehicle, it waives any rights to litigate further against the
3 United States its interest in the defendant vehicle and to petition for remission or mitigation of the
4 forfeiture.  If this Settlement is approved by the court, then unless specifically directed by an order
5 of the Court, claimant Bonilla shall be excused and relieved from further participation in this action.
6          12.     Claimant Bonilla  understands and agrees that the United States reserves the right to
7 void this Expedited Settlement agreement and terminate the forfeiture action at any time for legal
8 reasons or within ninety (90) days after the date of this agreement for economic reasons.  The
9 Government shall promptly notify the lien holder of such action.
10          13.     The parties agree to execute further documents, to the extent necessary, to convey
11 clear title to the property to the United States and to implement further the terms of this settlement.
12 Each party agrees to bear its own costs and attorneys' fees.
13 ///
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

14. Payment to Bonilla pursuant to this settlement agreement is contingent upon a court-authorized forfeiture of the defendant vehicle to the United States, the United States prevailing over any third-party claims, the Court's entry of a Final Judgment of Forfeiture, and sale of the defendant vehicle pursuant to the final judgment. Further, the terms of this settlement agreement shall be subject to approval by the United States District Court and any violation of any terms and conditions shall be construed as a violation of an Order of the Court.

Dated: June 7, 2007              McGREGOR W. SCOTT
                                 United States Attorney


                                  /s/ Stephanie Hamilton Borchers
                                 STEPHANIE HAMILTON BORCHERS
                                 Assistant United States Attorney


Dated: June 1, 2007               /s/ Klayton Khishaveh
                                 KLAYTON KHISHAVEH
                                 Attorney for Claimant Bonilla Auto Sales

                                 (Original signature retained by attorney)

**ORDER**

IT IS SO ORDERED.

**Dated:   June 11, 2007**              **/s/ Oliver W. Wanger**
                                 UNITED STATES DISTRICT JUDGE