IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | 1:06-CV-00870-OWW-GSA |
| Plaintiff, ) | |
| v. ) | AMENDED FINDINGS AND |
| ) | RECOMMENDATIONS |
| 2004 YUKON DENALI, LICENSE ) | |
| NUMBER 5RYR294, VIN: ) | |
| 1GKEK63U44J262979; ) | |
| ) | |
| APPROXIMATELY $27,820.00 IN U.S. ) | |
| CURRENCY; and ) | |
| ) | |
| APPROXIMATELY $37,100.00 IN U.S. ) | |
| CURRENCY, ) | |
| ) | |
| Defendants. ) | |

Plaintiff is proceeding with a civil action in this Court. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302(c)(3) and 72-303.[1]

Pending before the Court is a motion for Default Judgment against Esteban Bravo Jimenez and Miguel Angel Ortega-Carrasco[2].

The *ex parte* application filed on July 23, 2007, included a supporting memoranda, stipulation and order for final judgment, and stipulation for expedited settlement. No defendant or claimant has filed any opposition to the motion. The hearing on this motion was vacated, and the matter has been submitted to the Court for decision.

I.    Motion for Default Judgment

    A.    Default Judgment

A court has the discretion to enter a default judgment against one who is not an infant,

---

[1] The October 15, 2007, findings and recommendations are vacated by this order.

[2] On July 23, 2007, a stipulation for final judgment of forfeiture was entered into between the United States of America and Claimant Nestor Amavica Obergon.

incompetent, or member of the armed services where the claim is for an amount that is not certain on the face of the claim and where (1) the defendant has been served with the claim; (2) the defendant's default has been entered for failure to appear; (3) if the defendant has appeared in the action, the defendant has been served with written notice of the application for judgment at least three days before the hearing on the application; and, (4) the court has undertaken any necessary and proper investigation or hearing in order to enter judgment or carry it into effect. Fed. R. Civ. P. 55(b); *Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988). Factors that may be considered by courts in exercising discretion as to the entry of a default judgment and as to setting aside a default include the nature and extend of the delay, *Draper v. Coombs*, 792 F.2d 915, 925 (9th Cir. 1986); the possibility of prejudice to the plaintiff, *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986); the merits of plaintiff's substantive claim, *id.*; the sufficiency of the allegations in the complaint to support judgment, *Alan Neuman Productions, Inc.*, 862 F.2d at 1392; the amount in controversy, *Eitel v. McCool*, 782 F.2d at 1471-1472; the possibility of a dispute concerning material facts, *id.*; whether the default was due to excusable neglect, *id.*; and, the strong policy underlying the Federal Rules of Civil Procedure that favors decision on the merits, *id.*

With respect to default judgments in proceedings that are *in rem* actions for forfeiture, both the general Federal Rules of Civil Procedure and the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions (hereafter "Supplemental Rules") apply, but the latter rules prevail if there is an inconsistency. Supplemental Rule A(1). Supplemental Rule G(1) provides that the rule governs a forfeiture action *in rem* arising from a federal statute; to the extent that Rule G does not address an issue, Supplemental Rules C and E also apply.

    1.    <u>Notice</u>

        a.    <u>Legal Standards</u>

The provisions of Rule G(4) with respect to notice are as follows:

(4) Notice.

(a) Notice by Publication.

(i) When Publication is Required. A judgment of forfeiture may be entered only if the government has published notice of the action within a reasonable time after filing the complaint or at a time the court orders. But notice need not be published

if:
    (A) the defendant property is worth less than $1,000.00 and direct notice is sent under Rule G(4)(b) to every person the government can reasonably identify as a potential claimant; or
    (B) the court finds that the cost of publication exceeds the property's value and that other means of notice would satisfy due process.

(ii) Content of the Notice. Unless the court orders otherwise, the notice must:
    (A) describe the property with reasonable particularity;
    (B) state the times under Rule G(5) to file a claim and to answer; and
    (C) name the government attorney to be served with the claim and answer.

(iii) Frequency of Publication. Published notice must appear:
    (A) once a week for three consecutive weeks; or
    (B) only once if, before the action was filed, notice of nonjudicial forfeiture of the same property was published on an official internet government forfeiture site for at least 30 consecutive days, or in a newspaper of general circulation for three consecutive weeks in a district where publication is authorized under Rule G(4)(a)(iv).

(iv) Means of Publication. The government should select from the following options a means of publication reasonably calculated to notify potential claimants of the action:
    (A) if the property is in the United States, publication in a newspaper generally circulated in the district where the action is filed, where the property was seized, or where property that was not seized is located;
    (B) if the property is outside the United States, publication in a newspaper generally circulated in a district where the action is filed, in a newspaper generally circulated in the country where the property is located, or in legal notices published and generally circulated in the country where the property is located; or
    (C) instead of (A) or (B), posting a notice on an official internet government forfeiture site for at least 30 consecutive days.

(b) Notice to Known Potential Claimants.

(i) Direct Notice Required. The government must send notice of the action and a copy of the complaint to any person who reasonably appears to be a potential claimant on the facts known to the government before the end of the time for filing a claim under Rule G(5)(a)(ii)(B).

(ii) Content of the Notice. The notice must state:
    (A) the date when the notice is sent;
    (B) a deadline for filing a claim, at least 35 days after the notice is sent;
    (C) that an answer or a motion under Rule 12 must be filed no later than 20 days after filing the claim; and
    (D) the name of the government attorney to be served with the claim and answer.

(iii) Sending Notice.
    (A) The notice must be sent by means reasonably calculated to reach the potential claimant.
    (B) Notice may be sent to the potential claimant or to the attorney representing the potential claimant with respect to the seizure of the property or in a related investigation, administrative forfeiture proceeding, or criminal case.
    (C) Notice sent to a potential claimant who is incarcerated must be sent to

the place of incarceration.
  (D) Notice to a person arrested in connection with an offense giving rise to the forfeiture who is not incarcerated when notice is sent may be sent to the address that person last gave to the agency that arrested or released the person.
  (E) Notice to a person from whom the property was seized who is not incarcerated when notice is sent may be sent to the last address that person gave to the agency that seized the property.

(iv) When Notice is Sent.  Notice by the following means is sent on the date when it is placed in the mail, delivered to a commercial carrier, or sent by electronic mail.

(v) Actual Notice.  A potential claimant who had actual notice of a forfeiture action may not oppose or seek relief from forfeiture because of the government's failure to send the required notice.

Supplemental Rule G(4).

The provisions of Supplemental Rule G(4) have been set forth.

Local Rule A-540(a) requires that a party seeking a default judgment in an action *in rem* shall show to the satisfaction of the Court that due notice of the action and arrest of the property has been given by publication pursuant to Local Rule A-560, and by personal service on the person having custody of the property or on the person having custody prior to its possession by a law enforcement agency or officer, and by personal service or by certified mail, return receipt requested, to every other person who has not appeared in the action and is known to have an interest in the property; provided that failure to give actual notice to such other person may be excused upon a satisfactory showing of diligent efforts to give such notice without success.

The Due Process Clause of the Fifth Amendment, which confers a right to notice and an opportunity to be heard, requires that with respect to known owners of the property whose whereabouts are known, the Government must employ such notice as is reasonably calculated under all of the circumstances to apprise the person of the pendency of the forfeiture. *United States v. Real Property*, 135 F.3d 1312, 1315 (9th Cir. 1998); *Dusenberry v. United States*, 534 U.S. 161, 168 (2002) (holding that sending certified mail to the custodial institution where the party was being held as well as to the residence where the arrest occurred, and the address in the town where his mother lived, satisfied due process even though it did not result in actual notice to the person).

    b.  <u>Analysis</u>

Here, as previously noted, the pertinent returns and documents reveal that after the complaint

was filed on July 10, 2006, arrest of the defendant currency occurred on July 18, 2006, and the defendant vehicle was arrested on July 20, 2006, and complied with the requirements of Supplemental Rule G(3)(b) and (c). (Decl. of United States Marshal dated July 18, 2006, and Decl. of Task Force Commander dated August 2, 2006, Docket Nos. 5 and 7.)

Notice of the action, containing all the contents required by Supplemental Rule G(4) [description of the property, the time to file a claim, name of the Government attorney to be served with the claim and answer], was published on August 10, 17, 24, and 31, 2006, in the Inyo Register, a newspaper of general circulation; thus, the publication met the requirements of Supplemental Rule G(4)(a) [once a week for three consecutive weeks].

Further, direct notice of the action was effectively given to Esteban Bravo Jimenez on September 15, 2006, and Miguel Angel Ortega-Carrasco on July 12, 2006, as known potential claimants when the complaint, warrant and summons for arrest, notice concerning availability of a Magistrate Judge, other notices, and letter dated July 11, 2006, were personally served on them. The notice was of a type permitted by Supplemental Rule G(4)(b). The warrant, summons, and letter informed each that a verified claim had to be filed with the Court within thirty days of receipt of the letter, and an answer filed within twenty days of the filing of the claim (*Id.*) This notice reflected the requirements of 18 U.S.C. § 983(a)(4)(A) and (B), which require that when the Government files a judicial forfeiture complaint, a person claiming an interest may file a claim pursuant to the Supplemental Rules not later than 30 days after the date of service of the complaint or after the date of final publication, and shall file an answer not later than 20 days after the date of the filing of the claim. It also complied with the requirements of Supplemental Rule G(4).

Claimants Nestor Amavizca Obregon and A&M Financial have entered into separate settlement agreements of this matter with the Government, and Esteban Bravo Jimenez and Miguel Angel Ortega-Carrasco are the only people known to be potential claimants for whom the Government seeks default judgments against.

///

Maguire declares that to the best of her knowledge, Esteban Bravo Jimenez and Miguel Angel Ortega-Carrasco are not infants, incapacitated persons, or members of the military service

within the meaning of the Soldiers and Sailors Civil Relief Act; the Court notes that since 2003, the statute has been named the "Servicemembers Civil Relief Act." 50 App. § 501, Pub.L. 108-189, § 1, 117 Stat. 2835. (Decl. of Elisa M. Maguire in Support of Request to Clerk for Entry of Default, Docket Nos. 12 and 23.)

Accordingly, the Court concludes that adequate notice of the action was given to Esteban Bravo Jimenez and Miguel Angel Ortega-Carrasco and that they failed to respond.

Because neither Esteban Bravo Jimenez nor Miguel Angel Ortega-Carrasco have filed either timely claims or answers, it appears to be proper to enter default. The Court notes that the clerk entered clerk's defaults as to potential claimants Esteban Bravo Jimenez on November 1, 2006 (Docket No. 14), and Miguel Angel Ortega-Carrasco on November 29, 2006 (Docket No. 26).

  2. <u>Legal Sufficiency of the Complaint</u>

    a. <u>Legal Standard</u>

A default judgment generally bars the defaulting party from disputing the facts alleged in the complaint, but the defaulting party may argue that the facts as alleged do not state a claim. <u>Alan Neuman Productions, Inc. v. Albright</u>, 862 F.2d 1388, 1392. Thus, well pleaded factual allegations, except as to damages, are taken as true; however, necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default. *Cripps v. Life Ins. Co. of North America*, 980 F.2d 1261, 1267 (9th Cir. 1987).

    b. <u>Analysis</u>

Title 21 U.S.C. § 881(a)(6) provides for the forfeiture of money that is furnished or intended to be furnished by any person in exchange for a controlled substance, that constitutes proceeds traceable to such an exchange, or that is used or intended to be used to facilitate any violation of the laws governing controlled substances.

Title 21 U.S.C. § 881(a)(4) provides for the forfeiture of vehicles used or intended to be used to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of a controlled substance in violation of the laws governing controlled substances.

Title 21 U.S.C. § 881(b) provides that any such property may be seized by the Attorney

General in the manner set forth in 18 U.S.C. § 981(b).  Section 981(b)(2) provides that property subject to forfeiture shall be seized upon process issued pursuant to the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions by any district court of the United States having jurisdiction over the property, or by other specified means.

Title 18 U.S.C. § 983(c) provides:

> (c) burden of proof. - - In a suit or action brought under any civil forfeiture statute for the civil forfeiture of any property -
> (1) the burden of proof is on the Government to establish, by a preponderance of the evidence, that the property is subject to forfeiture;
> (2) the Government may use evidence gathered after the filing of a complaint for forfeiture to establish, by a preponderance of the evidence, that property is subject to forfeiture; and
> (3) if the Government's theory of forfeiture is that the property was used to commit or facilitate the commission of a criminal offense, or was involved in the commission of a criminal offense, the Government shall establish that there was a substantial connection between the property and the offense.

It is recognized that the Government under the Civil Asset Forfeiture Reform Act of 2000 (CAFRA) must establish forfeiture by a preponderance of the evidence.  18 U.S.C. § 983(c)(1); *United States v. Real property Located at 5208 Los Franciscos Way*, 385 F.3d 1187, 1193 (9th Cir. 2004).

The complaint was brought to forfeit the currency and vehicle pursuant to 21 U.S.C. § 881. The complaint alleged a claim for civil forfeiture *in rem* of the defendant currency and the defendant vehicle, which were seized on January 11, 2006, and adopted for forfeiture by the Drug Enforcement Administration (DEA) after a search by the California Highway Patrol of the defendant vehicle.  It was alleged that the currency and vehicle had been furnished or intended to be furnished in exchange for a controlled substance, or was proceeds thereof, or had been used or intended to be used to facilitate a violation of the statutes pertaining to controlled substances.  (Cmplt. pp 1-4.)  It was alleged that claimants were transporting the defendant currency which were alleged to be proceeds of the sales of narcotics or other controlled substance.  A loaded firearm was located near the currency and a narcotic detecting canine alerted to the currency which was packaged in plastic and placed in bundles in various bags.  A clandestine recording of claimants' cell phone conversations confirmed the presence of a firearm in the defendant vehicle and the location of narcotics in a storage facility in Reno, Nevada.

Claimant Ortega-Carrasco, the owner of the defendant vehicle, allegedly purchased the

defendant vehicle for $10,000.00, with drug proceeds. These facts provide a substantial connection between the money, vehicle, and illegal drug activity. The facts alleged in the complaint permit a conclusion by a preponderance of the evidence that the money and the vehicle constituted proceeds, money used to facilitate drug sales, and a conveyance used to transport or facilitate the transportation, sale, receipt, possession, or concealment of a controlled substance. *See, United States v. Funds in Amount of Thirty Thousand Six Hundred Seventy Dollars in United States Funds*, 403 F.3d 448 (7th Cir. 2005) (permitting an evaluation of all evidence, including statements, inconsistent statements, suspicious activity, travel arrangements, hiding of currency, large amounts of currency, and inconsistency with financial information given by the suspect in connection with tax reporting in determining whether a substantial connection between the property and drug-related activity had been established). In the absence of contrary evidence, this Court is not in a position to question the sufficiency of the Government's claims.

Accordingly, the complaint for forfeiture is legally sufficient.

### 3. Discretionary Factors

Here, only the other claimants, who have previously entered into a settlement with the Plaintiff, have claimed an interest in the property or otherwise responded to the complaint despite adequate notice. It does not appear that there is any risk of mistake or excusable neglect on the part of anyone with a potential interest in the property or of a dispute as to a material fact essential to the Government's case. No just cause for delay appears. It is apparent from the declarations submitted to the Court that there is no basis for a finding that the potential claimants are infants, incompetent, or members of the armed services. There does not appear to be any reason why the general policy in favor of a decision on the merits would warrant refusing to enter the requested default judgment.

Plaintiff has established that the only other claimants or potential claimants to the defendant property have entered into a stipulation for final judgment and stipulation for expedited settlement.

Accordingly, the Court finds that Plaintiff has shown its entitlement to a default judgment of forfeiture.

///

## III. Recommendation

Accordingly, it IS RECOMMENDED that

1) Plaintiff's motion for default judgment against potential claimants Esteban Bravo Jimenez and Miguel Angel Ortega-Carrasco, BE GRANTED; and

2) Plaintiff IS ENTITLED TO, and the Clerk BE DIRECTED TO ENTER, a judgment that condemns and forfeits the interests of all claimants and potential claimants, including potential claimants Esteban Bravo Jimenez and Miguel Angel Ortega-Carrasco, in the defendant currency and the defendant vehicle to the United States of America pursuant to 21 U.S.C. §§ 881(a)(4) and 881(a)(6), and which recognizes that all persons claiming any right, title, or interest in or to the defendant currency and defendant vehicle have DEFAULTED and no longer have any right, title, or interest in the defendant property whatsoever; and

3) The Clerk of the Court ENTER final judgment of forfeiture for Plaintiff United States of America.

These findings and recommendation are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **thirty (30) days** after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   November 7, 2007**            /s/  **William M. Wunderlich**
                                      UNITED STATES MAGISTRATE JUDGE